

DA 13-0481

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 59N

THOMAS CHEREWICK and RONALD M. HENRY,

      Plaintiffs and Appellants,

  v.

JEFFREY S. and RENEE E. GILDEHAUS,
Husband and Wife, and MEG GILDEHAUS,

      Defendants and Appellees.


APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Carbon, Cause No. DV 13-27
Honorable Blair Jones, Presiding Judge


COUNSEL OF RECORD:

      For Appellants:

          Robert L. Stephens, Jr.; Southside Law Center; Billings, Montana

      For Appellees:

          Tammy Wyatt-Shaw; Williams Law Firm, P.C.; Missoula, Montana


                  Submitted on Briefs:  February 12, 2014

                            Decided:  March 4, 2014


Filed:

              _____

                       Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Cherewick (Cherewick) and Ronald Henry (Henry) appeal from the order of the Twenty-Second Judicial District Court, Carbon County, granting a motion to dismiss filed by Jeffrey, Renee, and Meg Gildehaus (Gildehauses). We affirm.

¶3 Jeffrey and Renee Gildehaus are the parents of Meg Gildehaus, described by the parties as either college or high school-aged. The parties all reside in the Remington Ranch subdivision. The parties are also involved in other litigation related to the Remington Ranch Association, wherein Cherewick and Henry are defendants and Jeffrey and Renee Gildehaus are plaintiffs. In that action, Gildehauses are represented by attorney Joel Todd (Todd).

¶4 Around March 5, 2013, Meg told her parents that, while on a run with her dog in her neighborhood, she was repeatedly passed by both Henry and Cherewick in their vehicles. Meg reported that this made her "very uneasy" and, if she had been in town, she would have stepped inside a business and waited for the vehicles to leave. Gildehauses emailed their attorney, Todd, explaining what had happened and asking what they could do to protect their daughter. Todd, in turn, forwarded Gildehauses' email to Cherewick and Henry's attorneys and inquired about what he characterized as the

2

"stalking" of Meg. Todd explained that, rather than "threaten legal action" such as seeking a protection order or misdemeanor criminal charges, he "prefer[red] to rely upon [the attorneys] to calm things and to advise [Cherewick and Henry] to stop all such behavior."

¶5 Cherewick provided proof that he was not in Montana on the day Meg reportedly saw him driving by her and demanded that Gildehauses apologize for the accusation. Jeff Gildehaus explained to Todd that Meg didn't have any intention of causing trouble and believed the person in the car was Cherewick. Todd forwarded this explanation to Cherewick and Henry's attorneys, stating that his clients would apologize in writing to Cherewick if Henry apologized in writing "for stalking Meg." Jeff subsequently contacted Cherewick's attorney directly and apologized, via email, for Meg's mistaken identification of Cherewick. However, Jeff reiterated that Henry "stalked [his] daughter."

¶6 Cherewick and Henry filed this action against Gildehauses claiming defamation in both verbal and written statements, made with actual malice, and a separate tort of intentional infliction of emotional distress. With regard to the emotional distress claim, Cherewick and Henry claimed that due to the making and republishing of the "false allegations" they have suffered, and will continue to suffer, "unreasonable and undue embarrassment, humiliation, and emotional distress." Gildehauses moved for dismissal under M. R. Civ. P. 12(b)(6), arguing that the statements by Meg to her parents, and Jeff and Renee to attorney Todd, were privileged and were not grounds for a defamation claim. They further argued that Cherewick and Henry's claim did not meet the

3

requirements of "serious or severe" emotional distress necessary for a stand-alone intentional infliction claim.

¶7    The District Court granted Gildehauses' motion. It first held that Meg's statement to her parents was privileged under § 27-1-804(3), MCA, and that there was no evidence supporting actual malice under the alleged circumstances. The court next held that Gildehauses' statements to their attorney, Todd, were privileged under § 26-1-803(2), MCA, because Gildehauses were seeking advice on how to protect their daughter. Because each of these communications were privileged, the court held they could not be grounds for defamation, citing *Hale v. City of Billings*, 1999 MT 213, ¶ 34, 295 Mont. 495, 986 P.2d 413. Finally, it concluded that, even accepting all of Cherewick and Henry's allegations as true, the assertions failed to meet the standard of "severe" emotional distress required by *Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 896 P.2d 411 (1995).

¶8    Cherewick and Henry argue the District Court erred in granting the motion to dismiss for several reasons. First, they argue that the messages at issue constituted unprivileged libel *per se* as allegations of criminal conduct. Next, they argue that the Gildehauses' purpose in communicating the messages to Todd was not to seek legal advice but to "extract admissions from [Cherewick and Henry] of criminal conduct." They assert that the District Court was allowed to "infer that there was an ulterior motive which prompted the false allegations of criminal conduct." Finally, they argue that we have long held that a statement made with malice will not be excused by a claim of privilege, citing *Manley v. Harer*, 73 Mont. 253, 263-64, 235 P. 757, 760-61 (1925).

4

¶9     A District Court's decision to grant a 12(b)(6) motion is an issue of law, which we review for correctness. *Kenck v. State*, 2013 MT 380, ¶ 13, 373 Mont. 168, 315 P.3d 957. The complaint is to be construed in the light most favorable to the plaintiff, with all factual allegations deemed true. *Kenck*, ¶ 13.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Though the District Court did not make a specific ruling regarding the republication of the allegedly defamatory statements by Todd to Cherewick and Henry's attorneys, we conclude these statements likewise cannot form the basis of a defamation claim as they were sufficiently connected to either the pending litigation or to possible future litigation under § 27-1-804(2), MCA. We agree with the District Court that even when construing the complaint in the light most favorable to the plaintiffs, the communications were made out of concern for Meg's safety rather than with actual malice. Finally, we concur with the District Court's conclusion of law that Cherewick and Henry's allegations of emotional distress do not satisfy the standards for such claims under *Sacco*.

¶11    Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT